IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | **CRIMINAL ACTION NO.** |
| v. | ) | **2:14cr646-MHT** |
| | ) | **(WO)** |
| **ANTONIO MANNIKEN** | ) | |

OPINION AND ORDER

This cause is before the court on defendant Antonio Manniken's motion to continue. For the reasons set forth below, the court finds that jury selection and trial, now set for April 6, 2015, should be continued pursuant to 18 U.S.C. § 3161(h)(7).

While the granting of a continuance is left to the sound discretion of the trial judge, United States v. Stitzer, 785 F.2d 1506, 1516 (11th Cir. 1986), the court is limited by the requirements of the Speedy Trial Act, 18 U.S.C. § 3161. The Act provides in part:

> "In any case in which a plea of not guilty is entered, the trial of a defendant charged in an information or indictment with the commission of an offense shall commence within seventy days from the filing date (and making

> public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs."

18 U.S.C. § 3161(c)(1).  The Act excludes from the 70-day period any continuance based on "findings that the ends of justice served by taking such action outweigh the best interests of the public and the defendant in a speedy trial."  18 U.S.C. § 3161(h)(7)(A).  In granting such a continuance, the court may consider, among other factors, whether the failure to grant the continuance "would deny counsel for the defendant ... reasonable time necessary for effective preparation, taking into account the exercise of due diligence."  18 U.S.C. § 3161(h)(7)(B)(iv).

The court concludes that, in this case, the ends of justice served by granting a continuance outweigh the interest of the public and Manniken in a speedy trial. Counsel for Manniken represents that she has been and continues to be engaged in good faith plea negotiations with counsel for the government.  However, she

2

represents that counsel for the government is now in the process of investigating whether it is proper to invoke the "federal policy against multiple prosecutions for the same act." <u>Rinaldi v. United States</u>, 434 U.S. 22, 24 (1977). This is because Manniken pled guilty and was sentenced in a state-court criminal case arising out of the same facts, according to Manniken's counsel. Counsel for Manniken represents that "A final plea offer cannot be provided until this determination has been made and a decision has been provided to [the] Assistant United States Attorney ...." Motion for continuance (doc. no. 12). A continuance is warranted to enable Manniken the opportunity to receive and consider this potential plea-bargain offer. That is, a continuance is necessary to enable the defendant to prepare effectively for trial by exploring his plea bargain options. In addition, counsel for Manniken represents that counsel for the government does not oppose a continuance.

\* \* \*

Accordingly, it is ORDERED as follows:

(1) Defendant Antonio Manniken's motion for continuance (doc. no. 12) is granted.

(2) The jury selection and trial, now set for April 6, 2015, are reset for July 27, 2015, at 10:00 a.m., in Courtroom 2FMJ of the Frank M. Johnson Jr. United States Courthouse Complex, One Church Street, Montgomery, Alabama.

DONE, this the 13th day of March, 2015.

\_\_\_/s/ Myron H. Thompson\_\_\_\_
**UNITED STATES DISTRICT JUDGE**